## POWERS and others *vs.* BARR and others.

Where land, situated within the bounds of any city or village, in which several persons are interested, is ordered by the supreme court to be sold, under and in pursuance of the act of May 26, 1841, "to authorize the sale of real estate in certain cases, to pay assessments" &c., or under the act of April 12, 1855, "to provide for the due apportionment of taxes and assessments, and for the sale of real estate to pay the same," one parcel taxed or assessed may be sold by the referee, to satisfy a tax or assessment on a different parcel.

The power of sale conferred by the statute, in such cases, is for a special and limited purpose, that of either paying the taxes, before a sale for taxes takes place, or of redeeming from such a sale after it has been made, or both. When these purpose have been subserved—when the taxes and assessments have been paid and satisfied—the power of sale is gone. The remaining land, therefore, cannot be sold, though it may be deemed by the referee, or by all the parties, to be more advantageous to convert the land into money than to retain the same unsold.

No extra allowance can be made in proceedings under those statutes.

CASE submitted for the opinion of the court, under the code. The questions submitted arose under the act of the legislature, entitled "An act to authorize the sale of real estate

in certain cases to pay assessments, and for other purposes," passed May 26, 1841; (*Laws of* 1841, *ch.* 341. 2 *R. S.* 4*th ed., p.* 353, § 45, &c.;) and the act entitled " An act to provide for the due apportionment of taxes and assessments, and for the sale of real estate to pay the same," passed April 12, 1855; (*Laws of* 1855, *ch.* 327, *p.* 537;) and were as follows :

1. Can any parcel, taxed or assessed, be sold, under the judgment of the court, to satisfy a tax or assessment on a different or other parcel ?

2. After enough has been sold to satisfy taxes or assessments, can the land remaining unsold, be sold under the judgment, if it should be deemed by the referee more advantageous to the parties to convert the same into money, than to retain the same unsold ?

3. Can an extra allowance be made in proceedings under that act ?

*John A. Lott,* for the plaintiffs.

——— ———, for the defendants.

BIRDSEYE, J.   It is evident upon a comparison of the two statutes, that the first section of chapter 321, of the laws of 1855, (*p.* 537,) is a revision of the first section of chapter 341 of the laws of 1841.   It would seem to be designed as a substitute for it.   The enumeration of the cases in which the action to apportion or satisfy taxes or assessments may be brought, is much more full ; the nature of the conflicting interests upon which the taxes or assessments are to be charged, is much more precise.   And all the provisions in regard to instituting the proceedings and granting relief, are not only adapted to the present course and practice of the courts, but are made much more definite and clear ; although the grant of power in the two statutes is in substance the same.   It is not necessary now to inquire whether the later statute .operates as a repeal of the prior one, as all the questions submitted in this case arise as

well upon one statute as the other. My examination will, therefore, be confined to the act of 1855.

I am of opinion that the first question presented must be answered in the affirmative. This will follow from an analysis of the section. It provides, in substance, and laying aside unnecessary particulars, that where there are several persons interested in any real estate situated in any city or village in the state, and such real estate has been sold, or is liable to be sold, to satisfy any tax or assessment imposed thereon, then, upon an action brought by any person interested in the real estate, for the purpose of apportioning the tax on the several interests &c., this court have certain powers, which are prescribed. These are : 1. To extend the time of redemption of any such real estate sold for the taxes, &c., to a period not exceeding six months from the entry of final judgment in the action. 2. To order a sale in fee simple absolute, *of such real estate*, or *any part or parts thereof*. This sale may be ordered, for the purpose, first, of paying *such tax or assessment*, or 2d, of redeeming the real estate or any part thereof. The court have also power to direct the proceeds of the sale to be applied to the payment of such tax or assessment, or to the redemption of the real estate sold therefor, after defraying the costs and expenses of the action. The court have, therefore, the power to sell either the whole real estate, or any part or parts thereof. This power is of course to be exercised with reference to the circumstances of each case, and so as best to protect and promote the interests of the parties concerned in the property.

When this sale takes place, whether it be of the whole real estate, or only of some part or parts thereof, it is, in the language of the statute, " to pay such tax or assessment," that is, for the purpose of paying such tax or assessment. The tax or assessment which is thus to be paid is the one previously mentioned in the section, and there stated to be " any tax or assessment imposed" on any real estate wherein several persons are interested in the manner defined in the statute. So the court may direct any part to be sold in fee, for the purpose of redeeming either the whole real estate thus jointly owned, or any part

Powers *v.* Barr.

thereof, which may have been sold by the authority of the city, for the taxes. While the power of the court to order a sale in fee, extends to the whole or any part of the real estate, the power is given of applying the proceeds of the sale, either to the payment of the taxes on the whole of the real estate, or to the redemption either of the whole or of any part of the real estate which may have been sold by the city for the taxes.

To illustrate. It is my opinion that if several persons are interested in ten dwelling houses and lots in a city—some owning estates in possession, and some in reversion or remainder, and some on the happening of contingencies—and if all the houses are subject to taxes or to assessments, or to both, for which they are liable to be sold for a term of years; and if one or more of the houses have in fact been sold for a term of years by the authority of the city, for the purpose of satisfying such taxes or assessments as have been imposed upon that particular house or houses; then, in an action like the present, the court may order a sale of all the houses, if that be necessary, and if it be not, then of so many of them as may be necessary to pay all the taxes and assessments imposed on all the houses, and to redeem as many of them as may have been sold for the taxes or assessments by the authority of the city. The sale may be of any of the houses, which it will be the most for the good of the several persons interested therein to sell. If it should happen that the parties in interest have different shares or estates in different parcels of the land, then another and more difficult question may be presented. I do not understand that it arises in the present case. It will be time enough to decide it, when it does necessarily arise.

What has been already said, answers substantially the second inquiry. The power of sale conferred by the statute is for a special and limited purpose; that of either paying the taxes, before a sale for taxes, or of redeeming from such a sale after it has been made, or both. When these purposes have been subserved—when the taxes and assessments have been paid and satisfied—then the power of sale is gone. The remaining land cannot be sold, though it may be deemed by the referee, or by

all the parties, more advantageous to convert the land into money, than to retain the same unsold.

The statutes in regard to actions for partition have provided for nearly every possible case of that kind. If they have not, then the legislature must be asked to intervene again. For it seems to me clear that they intended in the act in question only to provide, as is stated in its title, " for the due apportionment of taxes and assessments, and for the sale of real estate to pay the same."

3. I do not see how any allowance can be made under §§ 308 and 309 of the code, in an action under this act. The action is not for the partition of real property. The proceedings are not to compel the determination of claims to real property. (*Bridges* v. *Miller*, 2 *Duer*, 683.) The action bears some analogy to one brought for the foreclosure of a mortgage. It is brought to foreclose a lien. The case may also very well be, as this seems to be, both difficult and extraordinary. But the controlling reason why there can be no allowance is that there is no claim or recovery, upon the amount of which the allowance can be calculated. The lien or incumbrance which is foreclosed is not held by the plaintiff, but by a stranger. Neither party to the action recovers a judgment against the other, within the meaning of the code; of course neither party can have the allowance created by the code.

It seems to be a hardship that in a case involving so much labor as this has done, the party who has necessarily employed the attorney should recover only the specific costs fixed by the code. But that is a consideration for the legislature, not for the courts. It is better that such rare and infrequent hardships should be borne, till the legislature provide a remedy, than for the court to seek to provide that remedy by harsh or strained constructions of the law, or by the exercise of doubtful powers.

[KINGS SPECIAL TERM, March 23, 1857. *Birdseye,* Justice.]